501 P.2d 565

The STATE of Arizona, Appellee,

v.

Randy Albert ROGALSKY, Appellant.

No. 2 CA–CR 294.

Court of Appeals of Arizona, Division 2.

Oct. 3, 1972.

Rehearing Denied Nov. 6, 1972.

Review Denied Dec. 12, 1972.

---

1. From the affidavit the sex of the informant is not disclosed.

---

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Edward P. Bolding, Pima County Public Defender, by Peter Axelrod, Deputy Public Defender, Tucson, for appellant.

KRUCKER, Chief Judge.

Appellant entered a plea of guilty to a charge of unlawful possession of marijuana, and on November 4, 1970 he was placed on probation for a period of three years and the imposition of sentence suspended. On January 3, 1972, a revocation of probation hearing was held and probation was revoked. Appellant was sentenced to the Arizona State Prison for a period of three to five years.

The only question raised by this appeal is whether the sentence is excessive. No question is raised as to the revocation proceedings and no error is alleged except as to the sentence.

Appellant had a small amount of marijuana and was subsequently picked up for possession of marijuana, which led to the revocation of his probation. The entire thrust of his argument is that possession of marijuana should carry a much lighter penalty, or perhaps be treated entirely as a misdemeanor. He cites the recommendation of the President's Commission on Marijuana, various bills introduced into Congress, and legislative action or trends with respect to this drug. While the tendency seems to be to treat possession of marijuana for personal use and in small amounts with leniency, it is not the province of this court to legislate or express our feelings in this connection. Trial courts and appellate courts must follow the legislative mandate, and we can see no abuse of discretion on the part of the trial judge in the sentence given, particularly in view of the fact that the same trial judge had previously granted appellant probation for the same type of act.

From appellant's brief and the statements of his counsel at oral argument, we would be led to believe that this is a case of a young man with no prior record being sent to prison for the possession of one-half ounce of marijuana. This is simply not true.

In 1968 the appellant was first referred to the Pima County Juvenile Court Center for unlawful possession of Percodan, a narcotic drug. On January 24, 1970, he was arrested for the instant offense. At the time of that arrest appellant was in a car with two other persons. 10.8 grams of marijuana was all that was left in a "baggie" which appellant possessed, and he was, to use the vernacular, "stoned".

On October 3, 1970, while this charge was pending, he was arrested for possession of L.S.D., at which time he was carrying a concealed weapon.

On October 22, 1970, appellant plead guilty to the marijuana offense. He was placed on probation for three years and sentenced to ninety days in the Pima County Jail. The charge of unlawful possession of L.S.D. was dismissed.

On November 2, 1971, a petition to revoke probation was filed. After a hearing, appellant signed new conditions of proba-

tion. One new condition was that he not associate with a person connected with many burglaries in the Tucson area. Seventeen days later, appellant was caught smoking marijuana with that person. The present petition to revoke was then filed, which resulted in the three to five year sentence.

An inspection of the probation officer's records also reveals that appellant was accused by the police of selling hashish and L.S.D. to two narcotics agents on August 11, 1971. Appellant denies this accusation.

In short, the record reveals appellant to be a person deeply involved with narcotics and without any motivation to be a responsible citizen, although given more than one opportunity to do so.

The trial court did not abuse its discretion as to the length of the sentence and since it is within the statutory limits, we affirm.

HATHAWAY and HOWARD, JJ., concur.